# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN D. ELLISON and HEATHER ELLISON, Individually and as Parents and Natural Guardians of SYDNEY ELLISON, a Minor, <br><br> Plaintiffs, <br><br> v. <br><br> WOMEN AND CHILDREN'S HOSPITAL OF BUFFALO, KALEIDA HEALTH and MERCY FLIGHT, INC., <br><br> Defendants. | C.A. No. 08-313 Erie <br> District Judge McLaughlin |
| WOMEN and CHILDREN'S HOSPITAL OF BUFFALO and KALEIDA HEALTH, <br><br> Third-Party Plaintiffs <br><br> v. <br><br> BRADFORD REGIONAL MEDICAL CENTER, et al., <br><br> Third-Party Defendants | |

## ORDER

McLAUGHLIN, SEAN J., J.

    This matter is before the Court upon Plaintiff's Motion to Compel Complete Responses to Plaintiffs' Requests for Production of Documents Directed to Defendants Women and Children's Hospital of Buffalo and Kaleida Health (Second Set). (Dkt. 87). Plaintiffs, in their motion, seek to compel production of a handwritten note by Diane Harter, NP, relating to the medical care and treatment provided to minor-plaintiff Sydney Ellison while he was being transferred from Bradford Regional Medical Center to Defendant Women and Children's Hospital of Buffalo. Defendants

1

contend that the note is privileged under both New York and Pennsylvania law[1] because they assert that it was created as part of a peer review or quality assurance process.

In Pennsylvania, the Peer Review Protection Act ("PRPA") provides, in relevant part:

> The proceedings and records of a review committee shall be held in confidence and shall not be subjected to discovery or introduction into evidence in any civil action against a professional health care provider arising out of the matters which are the subject of evaluation and review by such committee . . .

63 P.S. § 425.4. The PRPA defines a "review committee" as "any committee engaging in peer review." 63 P.S. § 425.2. The PRPA does not protect "information, documents or records otherwise available from original sources" or "non-peer review business records, even if those records eventually are used by a peer review committee." See Dodson v. Deleo, 872 A.2d 1237, 1242-43 (Pa. Super. 2005)

In New York, the New York State Education Law shields from disclosure "the proceedings [and] the records relating to performance of a medical or a quality assurance review function or participation in a medical and dental malpractice prevention program." NY CLS Educ. § 6527[3]. NY CLS Pub Health § 2805-m duplicates these protections by providing that "none of the records, documentation or committee actions or records" created in connection with a malpractice prevention program or quality assurance committee "shall be subject to disclosure under . . . the civil practice law and rules . . .". NY CLS Pub Health § 2805-m. The Public Health law also protects incident reports from disclosure if they are prepared pursuant to New York's mandatory incident reporting laws. NY CLS Pub Health § 2805-l

The party seeking to invoke the protections of the privilege has the burden of demonstrating that the privilege is applicable. See Williams v. Brookhaven Memorial Hosp. Med. Center, 824 N.Y.S.2d 759, (N.Y.Sup. 2006). In support of their claim of privilege, Defendants offer the affidavit

---

[1] The parties do not address which jurisdiction's law applies to this dispute. Rather, for purposes of this motion, the parties agree that the applicable law in each jurisdiction is identical in all material respects.

of Ms. Harter wherein she avers that she is a member of the hospital's quality assurance/peer review committee and that the handwritten note at issue was created as part of a quality assurance review function. (Defendants' Exhibit A, ¶¶ 3-8). In the present case, it is undisputed that a peer review or quality assurance committee was never convened to review the care or treatment of Sydney Ellison. (Plaintiffs' Exhibit D, Harter Deposition, pp. 66-69).

After reviewing the document in camera, it is evident that it does not represent the "proceedings or records of a review committee," 63 P.S. § 425.4, nor was it "derived from nor part of an evaluation or review by a peer review committee." Dodson, 872 A.2d at 1242-43 (quoting Atkins v. Pottstown Memorial Med. Center, 634 A.2d 258, 260 (Pa. Super. 1993)). Rather, the document more closely resembles an incident report or log prepared in the course of "recording events in the treatment of a patient." See Hanzsek v. McDonough, 1987 WL 46920 (Pa. Com. Pl. 1987) (holding that incident reports routinely prepared by nurses when an unusual event occurs in a hospital are not protected from discovery by the PRPA, even if they are "occasionally" used for peer review purposes). This conclusion is supported by the fact that no peer review committee was ever convened in this matter and, therefore, the note was never utilized in conjunction with a quality assurance function. As such, the document "does not come within the need for confidentiality which the [Pennsylvania] statute was intended to provide." Dodson, 872 A.2d at 1242-43 (quoting Atkins, 634 A.2d at 260).

Similarly, the document does not fall within the scope of the New York Education Law or Public Health Law because it was not prepared or produced by an established quality assurance committee, NY CLS Pub Health § 2805-m, nor was it an incident report prepared as part of the mandatory reporting provisions of the Public Health law, see NY CLS Pub Health § 2805-l. See Williams, 824 N.Y.S.2d at 759 (noting that the type of "medical or quality review function" that is privileged is that undertaken by a "medical review committee or subcommittee"); Berggren v. Saint Vincent's Catholic Med. Center of New York, 799 N.Y.S.2d 158 (N.Y.Sup. 2004) ("The fact that the defendants have submitted an affidavit from an administrative assistant in the Risk Management

and Insurance department stating that an otherwise unprivileged report 'was prepared for the purpose of serving quality assurance and medical review function and is protected from disclosure pursuant to Education law § 6527 and public Law 2805(m)' does not make it so").

I conclude that Ms. Harter's handwritten note is not privileged under either Pennsylvania or New York law. Consequently, Plaintiffs' motion to compel production of the note is GRANTED.

It is so ORDERED.

/s/ Sean J. McLaughlin  
United States District Judge

cm: All parties of record. ___